IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:12-cv-35-ORL-18-GJK

WESTGATE RESORTS, LTD.
a Florida limited partnership

        Plaintiff,

v.

LAUREN GREENFIELD, an individual,
FRANK EVERS, an individual, and
GREENFIELD/EVERS LLC dba Evergreen Pictures,

        Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(2) and M.D. Fla. L.R. 3.01, Plaintiff Westgate Resorts, Ltd. ("Westgate") moves the Court for leave to filed the attached Second Amended Complaint. For the reasons set forth in the accompanying Memorandum, Westgate respectfully requests that this Court grant it leave to file the Second Amended Complaint[1] because it will clarify the dispute between the parties and will not cause any prejudice.

## MEMORANDUM OF POINTS AND AUTHORITY

**I.    PROCEDURAL BACKGROUND**

On January 10, 2012, Plaintiff filed its original Complaint in this matter.[2] On May 3, 2012, and May 8, 2012, Defendants filed two separate motions to stay the action pending arbitration.[3] On May 11, 2012, Plaintiff filed its First Amended Complaint ("FAC") in which it

---

[1] A true and correct copy of the proposed Second Amended Complaint is attached hereto as Exhibit "A."
[2] DE 1.
[3] DE 20 and DE 25, respectively.

released the Defendant Sundance Institute, Inc., added the Defendant Greenfield/Evers, LLC, and added a claim for Defamation by False Light against the current Defendants.[4] On May 22, 2012, Defendants re-filed their Motion to Stay.[5] Defendants have yet to file a responsive pleading to the First Amended Complaint.

## II. FACTS

As indicated in the FAC, Defendants have entered into agreements with Magnolia Pictures Company ("Magnolia") and Bravo Media LLC ("Bravo") to pursue distribution of the film Queen of Versailles (the "Film") both domestically and internationally, with full knowledge that the Film falsely depicts Westgate's financial status.[6] Indeed, Magnolia controls a website where it clearly promotes the Film and list dates for Magnolias upcoming in-theater release of the Film.[7]

Moreover, Magnolia recently published the official trailer for the Film and published it via YouTube.[8] The trailer, which was written, directed, produced, and funded by Magnolia, features excerpts from the Film which depict Westgate in a defamatory, derogatory and damaging way. Magnolia has further publicized the Film's trailer on its Facebook page.[9]

---

4   DE 27.
5   DE 30.
6   DE 27 at ¶61.
7   *See*   http://www.magpictures.com/dates.aspx?id=c2f9de45-e3d0-4ca1-8521-249d8c10ddce.
8   The Film's official trailer produced by Magnolia is published online at http://youtu.be/AdJYzgJ4CwI.
9   Magnolia's Facebook page is published online at http://www.facebook.com/magnoliapictures.

Magnolia and Bravo have also issued press-releases with defamatory statements as to Westgate.[10]

Thus, through their statements in press releases, current publication of the trailer, and their financial backing of the Film at film festivals, Magnolia and Bravo are injuring Westgate by publicizing the Film's defamatory statements. Further, Magnolia and Bravo will continue to injure Westgate with their future distribution of the Film. Indeed, Westgate believes that discovery will reveal further defamatory conduct by Magnolia and Bravo by virtue of their publicizing, and preparation for distribution, of the Film. Accordingly, Westgate intends to amend the FAC to add Magnolia and Bravo and the resulting claims against them.

## III.   ARGUMENT

Pursuant to Fed. R. Civ. P. 15, the court shall freely give leave to amend when justice so requires.[11] The Supreme Court has stated:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'[12]

---

10   *See* Exhibit "I" to the Second Amended Complaint, attaching Magnolia and Bravo Press Releases.

11   *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Lee v. Security Check, LLC*, No. 3:09-cv-421-J-12TEM, 2009 WL 2044687 *1 (M.D. Fla. Jul. 10, 2009); *Estate of Washington v. Carter's Retail, Inc.*, No. 3:10–cv–1136–J–32TEM, 2011 WL 2731291, *4 (M.D. Fla. Jul. 13, 2011).

12   *Forman*, 371 U.S. at 182.

3

The Eleventh Circuit follows this doctrine by holding that there is a strong preference for allowing pleading amendments.[13] "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[14]

Westgate files this Motion in good faith for the sole purpose of adding additional defendants to the Complaint. It is not inspired by dilatory motives or for the purpose of delay. Moreover, the current defendants will suffer no undue prejudice as a result of the amendment. The defendants have yet to file a responsive pleading to the First Amended Complaint, and presumptively, due to their filing of their Motion to Stay, they do not intend to file a responsive pleading.[15] Moreover, the claims alleged by Westgate in the Second Amended Complaint pertain to separate parties than the current defendants.

In compliance with Middle District of Florida Local Rule 3.01(g), the undersigned contacted counsel for defendants via telephone and e-mail on June 4-5, 2012. Defendants' counsel has indicated that defendants oppose this Motion.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Plaintiff leave to file a Second Amended Complaint in this action.

Respectfully submitted this 12th day of June, 2012.

/s/ Richard W. Epstein
RICHARD W. EPSTEIN, ESQ.
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
REBECCA F. BRATTER, ESQ.
Florida Bar No. 685100

---

[13] *Lee,* 2009 WL 2044687 at *1.
[14] *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999) (*quoting Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981).
[15] *See* DE 30.

Rebecca.Bratter@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone No. (954) 491-1120
Facsimile No. (954) 343-6958

MICHAEL MARDER, ESQ.
Florida Bar No. 251887
Michael.Marder@gmlaw.com
KATHRYN SAFT, ESQ.
Florida Bar No. 041069
Kate.Saft@gmlaw.com
GREENSPOON MARDER, P.A.
Capital Plaza I
201 East Pine Street, Suite 500
Orlando, Florida 32801
Telephone No. (407) 425-6559
Facsimile No. (407) 422-6583
*Attorneys for Plaintiff*

**CERTIFICATION OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY, in accordance with Local Rule 3.01(g), that counsel for Plaintiff conferred in good faith, via email and telephone on June 4-5, 2012 with counsel for Defendants in an effort to resolve the issues raised by this motion and counsel for Defendants opposed the relief sought in this Motion.

*s/Richard W. Epstein*
RICHARD W. EPSTEIN

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification per service list attached on this

*Plaintiff's Motion for Leave to*<br>*Amend First Amended Complaint*<br>Case No. 6:12-cv-ORL-18-GJK

12th day of June, 2012; and a copy was furnished via electronic mail delivery to Lincoln D. Bandlow, Esquire (lbandlow@lathropgage.com), Lathrop & Gage, LLP, 1888 Century Park East, Suite 1000, Los Angeles, California 90067.

*/s/ Richard W. Epstein*<br>RICHARD W. EPSTEIN