IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:12-cv-35-ORL-18-GJK

WESTGATE RESORTS, LTD.,
a Florida limited partnership,

       Plaintiff,

v.

LAUREN GREENFIELD, an individual,
FRANK EVERS, an individual, and
GREENFIELD/EVERS LLC dba Evergreen Pictures,

       Defendants.
_____/

**PLAINTIFF WESTGATE RESORTS, LTD.'S**
**MOTION TO CLARIFY OR MODIFY STAY**

      Plaintiff Westgate Resorts, Ltd. ("Westgate"), pursuant to Fed.R.Civ.P. 7(1) moves for the entry of an order clarifying or modifying the Court's January 24, 2013 Order [DE 81] to state that the Court has retained jurisdiction to determine entitlement to an award of punitive damages should Westgate prevail in arbitration, and in support states:

**I.    Background**

    1.    On January 10, 2012 Plaintiff filed suit in this Court alleging that it was defamed by the documentary film "The Queen of Versailles". [DE 1].

    2.    On January 24, 2013, the Court concluded that Westgate was required to arbitrate the dispute pursuant to an agreement to arbitrate and entered an Order that, in part, stays these proceedings pending the arbitration. [DE 81].

3.	On or about February 26, 2013 Westgate served its Notice of Arbitration[1] under the Independent Film & Television Alliance ("IFTA") Rules which govern the arbitration pursuant to the referenced arbitration agreement.

4.	Westgate's Notice of Arbitration includes a demand for punitive damages which are an essential part of Plaintiff's claim for relief and was similarly demanded in the Complaint filed in this action.

5.	Rule 8.4 of the IFTA Rules states:

> Although the Arbitrator shall be empowered to grant only compensatory and not exemplary or punitive damages, an award nonetheless including such prohibited damages shall be valid and enforceable, but shall be deemed amended to exclude such damages. *This provision shall not preclude any party hereto from applying to a court of appropriate jurisdiction for such damages in accordance with applicable law*.

(emphasis added).

6.	Accordingly, the IFTA Rules do not allow the arbitrator to award punitive damages, which former Arbitrator Paul Supnik confirmed in his Continued Notice of Hearing that he served May 10, 2013 wherein he noted that the arbitration tribunal does not have the power to award punitive damages, even if such damages are otherwise appropriate.

7.	IFTA Rule 8.4, however, grants a court of "appropriate jurisdiction" the authority to award such damages upon application to that court.

8.	Given that the court in this matter stayed this action, thus retaining jurisdiction, Westgate requests clarification or a modification to the Court's January 24, 2013 Order [DE 81] to confirm that, in furtherance of the Court's retained jurisdiction, it is empowered to determine

---

[1] *See* IFTA Arbitration #13-25.

entitlement to an award of punitive damages under IFTA Rule 8.4 and to assess such damages should Westgate prevail in arbitration.

**Memorandum of Law**

Once Plaintiff prevails on its defamation claims through arbitration, the rules governing that arbitration (IFTA Rule 8.4) obligates Plaintiff to return to this Court, to, in the first instance, seek an award of punitive damages. To ensure that this issue does not create an unneeded or unexpected controversy, Plaintiff is bringing the matter to the Court's attention now, in advance of the conduct of the arbitration final hearing. Accordingly Westgate seeks clarification or modification of the January 24, 2013 that, in addition to those matters that may arise under the Federal Arbitration Act, the Court has retained jurisdiction for the purposes of presiding over an application for an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court clarify or modify its January 24, 2013 Order that the Court, in the exercise of its retained jurisdiction, is empowered to implement the procedure dictated by IFTA Rule 8.4 to determine Westgate's entitlement to an award of punitive damages.

Respectfully submitted this 2nd day of July, 2013.

                              */s/ Kathryn G. Saft*
                              RICHARD W. EPSTEIN, ESQ.
                              Florida Bar No. 229091
                              Richard.Epstein@gmlaw.com
                              GREENSPOON MARDER, P.A.
                              200 East Broward Boulevard, Suite 1500
                              Fort Lauderdale, Florida 33301
                              Telephone No. (954) 491-1120
                              Facsimile No. (954) 343-6958

                              MICHAEL MARDER, ESQ.
                              Florida Bar No. 251887
                              Michael.Marder@gmlaw.com

Case No. 6:12-cv-35-ORL-18-GJK<br>Motion to Clarify or Modify Stay

                              KATHRYN SAFT, ESQ.
                              Florida Bar No. 041069
                              Kate.Saft@gmlaw.com
                              GREENSPOON MARDER, P.A.
                              Capital Plaza I
                              201 East Pine Street, Suite 500
                              Orlando, Florida 32801
                              Telephone No. (407) 425-6559
                              Facsimile No. (407) 422-6583

                              *Attorneys for Westgate Resorts, Ltd.*

## **LOCAL RULE 3.01(g) CERTIFICATE**

Pursuant to Local Rule 3.01(g), and specifically with respect to Plaintiffs Motion to Clarify or Modify, Plaintiff conferred with counsel for Defendants in good faith concerning the Motion on July 1, 2013. Defendants oppose the filing of the Motion.

                              */s/ Kathryn G. Saft*
                              KATHRYN SAFT, ESQ.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification on this 2nd day of July, 2013.

                              */s/ Kathryn G. Saft*
                              KATHRYN SAFT, ESQ.