

# Independent Film & Television Alliance

## RULES FOR INTERNATIONAL ARBITRATION

V:010112

# INDEPENDENT FILM & TELEVISION ALLIANCE® RULES FOR INTERNATIONAL ARBITRATION

## INDEX

| SECTION | | PAGE |
|---|---|---|
| 0. | Prior Rules | 1 |
| 1. | General Provisions | 1 |
| 2. | The Request for Arbitration | 2 |
| 3. | The Administering Agency | 3 |
| 4. | The Panel of Arbitrators | 4 |
| 5. | Representation and Assistance | 4 |
| 6. | Appointment of the Arbitrator | 4 |
| 7. | Location of Arbitration | 6 |
| 8. | Jurisdiction and Procedure in the Arbitration | 6 |
| 9. | Meetings and Hearings | 8 |
| 10. | Interim Measures of Protection | 9 |
| 11. | Default | 10 |
| 12. | The Award | 10 |
| 13. | Applicable Law | 11 |
| 14. | Costs | 11 |
| 15. | Waiver of Claims Against Alliance and Others | 12 |
| 16. | Miscellaneous Provisions | 13 |

**As of January 1, 2012**

INDEPENDENT FILM & TELEVISION ALLIANCE®
10850 Wilshire Blvd., 9th Floor
Los Angeles, CA 90024

TEL: 310/446-1000
FAX: 310/446-1600
www.ifta-online.org

Copyright 2012 Independent Film & Television Alliance® All Rights Reserved.

# INDEPENDENT FILM & TELEVISION ALLIANCE®
## RULES FOR
## INTERNATIONAL ARBITRATION
### As of January 1, 2012

0.   <u>Prior Rules.</u>

    0.1.   The Independent Film & Television Alliance ("Alliance" or "IFTA") was formerly known as AFMA and the American Film Marketing Association.

    0.2   These Independent Film & Television Alliance Rules for International Arbitration were formerly known as the AFMA Rules for International Arbitration or the American Film Marketing Association Rules for International Arbitration ("IFTA Rules" or "Rules"). Where appropriate, any contract referring to the AFMA Rules for International Arbitration or the American Film Marketing Association Rules for International Arbitration shall be deemed to refer to the applicable version of the IFTA Rules.

1.   <u>General Provisions.</u>

    1.1   These Rules shall govern:

        1.1.1 Any dispute submitted to arbitration under these Rules by agreement of the parties or involving the interpretation or enforcement of an agreement which designates these Rules as the controlling rules for the enforcement of the rights of the parties under any such agreement, any defense or counterclaim thereto.

        1.1.2 An "affiliate" of a member for purposes of these Rules is an entity that (i) owns or controls the member; or (ii) is owned or controlled by a member; or (iii) is owned or controlled by an entity which is an affiliate of a member. For purposes of this Rule 1.1.2, "owned by" means ownership of the shares of stock or other evidence of ownership in an amount exceeding fifty percent (50%), and "controlled by" means that the company has the authority to determine the business decisions of another.

    1.2   It is the purpose of these Rules to provide the parties seeking enforcement of their rights arising under Rule 1.1 with an economical and expeditious procedure for resolving their disputes. Any Arbitrator designated under the provisions of these Rules shall be authorized to interpret these Rules broadly to the end that complete relief may be afforded to the parties in any dispute arising hereunder.

    1.3   The Alliance shall, from time to time, establish a filing fee schedule for arbitrations conducted pursuant to these Rules under these procedures ("Fee Schedule"). Filing fees are non-refundable.

2. <u>The Request for Arbitration</u>.

2.1 The party initiating arbitration (hereinafter called "claimant") shall give to the other party (hereinafter called "respondent") formal written notice of arbitration (the "Notice of Arbitration"). Claimant shall be solely responsible for complying with applicable law regarding service of process on respondent(s) and, if required pursuant to any applicable agreements, for providing a copy of the Notice of Arbitration to third parties (*i.e.* non-parties to the arbitration). The parties waive application of the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters with regard to service of process.

2.2 Arbitration proceedings shall be deemed to commence upon receipt of the Notice of Arbitration by the Arbitral Agent as set forth in Rule 2.5.

2.3 The Notice of Arbitration (and each other communication concerning such arbitration proceedings) shall be deemed transmitted by IFTA when sent to the respondent by: (1) fax, email or other electronic communication system which provides a confirmation of receipt; (2) personal delivery; (3) registered mail (or by regular mail service if to a country which does not recognize registered mail); or (4) courier or other comparable method of delivery to the address shown for respondent in the agreement under which the arbitration is sought or to any address which the claimant has been informed by respondent or which is known to be the last known place of business, habitual residence, or the mailing address of the respondent. The Notice of Arbitration and all other notices required to be transmitted to the parties or other individuals under the provisions of these Rules shall be deemed to have been received as of actual receipt provided by proof of delivery or ten (10) days after transmittal, as defined in this Rule, whichever shall be the earlier.

2.4 The Notice of Arbitration shall contain:

    2.4.1 A demand that the dispute be referred to arbitration.

    2.4.2 The names, addresses, telephone numbers, fax numbers and, if available, email addresses, of the parties.

    2.4.3 The names, addresses, telephone numbers, fax numbers and, if available, email addresses, of the parties' counsel or other representative.

    2.4.4 A copy of the arbitration clause under which the claim arises.

    2.4.5 A copy of the contract out of or in relation to which the dispute arises.

    2.4.6 A statement of the nature of the dispute and the amount involved, if any.

    2.4.7 The relief or remedy sought.

2.5    A copy of the Notice of Arbitration shall be transmitted by the claimant to the Arbitral Tribunal addressed as specified in Rule 3.3 at the same time as transmittal is made to the respondent pursuant to Rule 2.1 and shall be accompanied by payment of the filing fee as required by the Fee Schedule referred to in Rule 1.3.

2.6    If a counterclaim or cross-claim is filed, it shall be transmitted by the counter-claimant or cross-claimant to the Arbitral Tribunal addressed as specified in Rule 3.3 at the same time as transmittal is made to the counter-respondent or cross-respondent and shall be accompanied by payment of the filing fee as required by the Fee Schedule referred to in Rule 1.3.

3.    The Administering Agency.
      ("The Arbitral Tribunal").

3.1    The Alliance, a California non-profit corporation, has designated Independent Film & Television Alliance Arbitration to be the Arbitral Tribunal for all arbitrations governed by these Rules.

3.2    The President of the Alliance shall designate an Alliance staff member (the "Arbitral Agent") to act as the supervising representative for all acts required to be performed by the Arbitral Tribunal under these Rules. The name, address, phone number and email address of the Arbitral Agent shall be provided to all parties to arbitration proceedings under these Rules and to any party contemplating arbitration proceedings hereunder.

3.3    All documents required to be filed with the Arbitral Agent under these Rules shall be forwarded to the Arbitral Tribunal c/o The Arbitral Agent at 10850 Wilshire Boulevard, Ninth Floor, Los Angeles, California 90024, U.S.A., or such other address which may be designated from time to time by the Alliance Board of Directors.

3.4    The Arbitral Agent shall do all acts and carry out all responsibilities set forth in these Rules for the Arbitral Agent and all additional acts reasonably required for the efficient administration of these arbitration procedures including, but not limited to, the appointment of the Arbitrator as provided in Rule 6 hereafter.

3.5    No party or its representative shall have any ex parte communication with the Arbitrator. Copies of all written communications transmitted to the Arbitrator and to any party shall at the same time be filed with the Arbitral Agent. The official record of the arbitration shall be maintained by the Arbitral Agent.

3.6    Prior to the appointment of the Arbitrator, the Arbitral Agent may make such decisions regarding procedural matters as may be required from time to time under these Rules. After the appointment of the Arbitrator, notices of all such matters shall be forwarded to the Arbitrator (with copy to the Arbitral Agent) for decision and the Arbitrator shall make such decision. The Arbitral Agent shall forward notice of all such decisions to the parties.

3.7   In extraordinary circumstances and in the interests of justice, the Arbitral Agent (or the Arbitrator after his/her appointment) may extend any time period designated in these Rules but only where the Arbitral Agent is satisfied that the request for extension of time is not for the purpose of delaying the proceedings.

4.   The Panel of Arbitrators.

4.1   A panel of Arbitrators composed of lawyers qualified by experience to deal in matters relating to the entertainment industry shall be established by the Alliance. Arbitrators hereunder shall be appointed from among the members of the panel unless to do so is impractical under these Rules. In the latter event, the Arbitral Agent shall appoint Arbitrators similarly qualified by experience from outside the panel.

4.2   The panel shall be composed of active lawyers licensed to practice law from various countries throughout the world. Arbitrators may be added to or removed from the panel from time to time at IFTA's sole discretion.

4.3   The composition of the panel shall be updated not less frequently than once each year. A list containing the names, addresses, business and professional affiliates and brief personal resumes of the members of the panel shall be made available to all parties desiring to utilize the IFTA Rules or parties to contracts utilizing an Independent Film & Television Alliance arbitration clause or any arbitration clause in any prior name of the Alliance (e.g., AFMA, American Film Marketing Association) on the public website of the Alliance or upon request delivered to the Alliance.

4.4   Any Arbitrators appointed to act under these Rules shall be and remain at all times wholly independent and impartial and shall not act as advocate for any party in connection with the subject arbitration.

5.   Representation and Assistance.

5.1   Each party may be represented in the arbitration by counsel or other representative. The name and address of any representative must be communicated in writing to the other party and to the Arbitral Agent as soon as such selection has been made.

5.2   After such representative has been designated by a party, further communications to any party shall include at all times a copy of such communication directed to such counsel or other representative. The transmittal of a copy to the representative shall not relieve the communicating party of the responsibility to also send any such notice directly to the opposing party to the proceeding.

6.   Appointment of the Arbitrator.

6.1   Promptly upon receipt of the Notice of Arbitration, the Arbitral Agent shall transmit to each of the parties (if possible by fax, email or other electronic means) a copy of the Notice of Arbitration, a copy of the IFTA Rules, and a list of not less than three (3) proposed

Arbitrators if reasonably practicable, showing the name, address and resume of each proposed Arbitrator.

6.2     Within five (5) business days of receipt of the proposed list of Arbitrators, each party shall return the list deleting therefrom any names of Arbitrators unacceptable to that party. The remaining names on the list shall be rated in numerical order showing as number one, the person most favored, number two, the person next most favored, etc.

6.3     Within seven (7) days of the receipt of the list from each of the parties or five (5) days from the last day provided for the return of the list in Rule 6.2, whichever occurs earlier, the Arbitral Agent shall designate as the Arbitrator for the dispute the person available to serve as Arbitrator who has received the most favorable acceptance on the lists returned by the parties. If two or more proposed Arbitrators receive equally favorable acceptance from all parties, then the Arbitral Agent shall designate an Arbitrator from among them. If no proposed Arbitrator receives favorable acceptance from all parties, then the Arbitral Agent shall submit a list of not less than three (3) alternate proposed Arbitrators, if reasonably practicable, to the parties for rating in accordance with Rule 6.2. The Arbitral Agent shall then designate an Arbitrator in accordance with this Rule. If no proposed Arbitrator on the alternate list receives favorable acceptance from all parties, then, in the interest of expeditious resolution of the dispute, the Arbitral Agent shall designate an Arbitrator whose name has not previously been submitted, without the necessity of resubmitting names to the parties. Each of the parties and the Arbitrator shall be promptly notified of the selection of the Arbitrator.

6.4     If any party fails to return the list as provided in Rule 6.2, the Arbitral Agent shall select as Arbitrator the person with the highest rating on the other party's list who is available to serve for the arbitration. The exercise of discretion by the Arbitral Agent in the selection of the Arbitrator under provisions of this Rule 6 shall not be subject to challenge except as set forth in Rule 6.5 and 6.6.

6.5.    A prospective Arbitrator shall disclose to the Arbitral Agent and the parties in connection with such Arbitrator's possible appointment as Arbitrator any circumstances likely to give rise to justifiable doubt as to the Arbitrator's impartiality or independence as to the parties or the matter in dispute in accordance with the procedural law of the jurisdiction of the place of the arbitration, or, if none is specified, then the laws of the State of California.

6.6     An Arbitrator may be challenged if circumstances exist which give rise to justifiable doubt as to the Arbitrator's impartiality or independence as to the matter or parties at issue.

6.6.1   A party may challenge an Arbitrator by giving notice of his/her challenge to the other party, to the Arbitrator and to the Arbitral Agent. Such notification shall be in writing and shall state the reasons for the challenge, and must be made within seven (7) business days after discovery of the facts on which the challenge is based, but prior to the Arbitrator's issuance of a final award or tentative final award. The Arbitral Agent may, in his/her sole discretion, suspend or continue the arbitral proceedings during the pendency of the challenge.

6.6.2   When an Arbitrator has been challenged by one party, the other party may agree to the challenge and substitution of a new Arbitrator; the Arbitrator may withdraw from his/her office as Arbitrator; or the Arbitral Agent may determine without passing on the bona fides of the grounds of challenge that a sufficient issue exists to justify the replacement of the Arbitrator and appointment of a new Arbitrator. Removal or replacement of an Arbitrator under any of these circumstances shall not imply acknowledgment of the truth or the validity of the grounds for the challenge. If an Arbitrator is removed after an arbitration hearing, but prior to the issuance of an award, then a new hearing will be held. If the Arbitrator has issued a final award or a tentative final award, then no removal or replacement of the Arbitrator shall take place.

6.6.3   In the event that a new Arbitrator must be appointed under Rule 6.6.2, the new Arbitrator shall be designated by the Arbitral Agent in the same manner as set forth in this Rule 6. If a second or subsequent Arbitrator is similarly replaced, the Arbitral Agent may in the interest of expeditious resolution of the dispute designate the new Arbitrator without necessity to resubmit any list of names to the parties.

6.6.4   If the Arbitral Agent declines to exercise the option to replace the Arbitrator as referred to in Rules 6.6.2 and 9.1, the Arbitrator shall continue as the Arbitrator for the dispute and the challenge shall be deemed to have been overruled.

6.6.5   In the event of the death, incapacity, resignation, or failure or other inability of an Arbitrator to act at any time after appointment, the Arbitral Agent shall appoint a successor Arbitrator under Rule 6.6.3.

6.6.6   The Arbitral Agent, in his/her sole discretion, may remove any Arbitrator who does not comply with the provisions of Rule 9.1. If any such Arbitrator is removed, the new Arbitrator shall be designated by the Arbitral Agent in the same manner as set forth in Rule 6.

6.6.7   The Arbitral Agent's decision as to the appointment, confirmation, challenge or replacement of an Arbitrator will be final and the reasons for such decision will not be communicated.

7.   Location of Arbitration.

7.1   All arbitrations under these Rules shall take place in the forum specified by the agreement or if none, in Los Angeles County, California unless a request to designate an alternate situs is made to the Arbitrator by a party within ten (10) days of the Arbitrator's appointment by the Arbitral Agent. If a request for an alternate situs is made, then the Arbitrator in his/her sole discretion shall determine the situs of the arbitration for the convenience of the parties and/or witnesses. The parties, by mutual agreement, may determine that the arbitration shall take place at a different location, but such designation of an alternate location must be by mutual agreement in writing with a copy of such agreement filed with the Arbitral Tribunal prior to the selection of the Arbitrator.

8. <u>Jurisdiction and Procedure in the Arbitration.</u>

    8.1    The Arbitrator shall have all jurisdiction and powers to make rulings as to procedures for the conduct of the arbitration including, but not limited to, the situs of the arbitration, the governing law and the arbitrability of any claims or cross-claims which the Arbitrator deems necessary or proper to ensure the just, expeditious, economical and final determination of all matters in dispute.

    8.2    The Arbitrator shall exercise all powers granted to commercial Arbitrators under the laws of the State of California, USA or the laws of the jurisdiction where the arbitration shall take place, if other than in the State of California; and the parties shall be entitled to all rights granted to arbitration participants under the laws of such jurisdictions, including, if allowed, the right to seek and obtain a declaration of rights, injunctive or other equitable relief. All arbitrations shall be conducted under, shall be subject to and shall be enforceable by the laws of the State of California, unless the parties agree otherwise in writing and transmit a copy of said written agreement to the Arbitrator and the Arbitral Agent or unless otherwise designated by the Arbitrator pursuant to Rule 13.1. The parties may apply for confirmation and/or enforcement of any arbitration award or order hereunder to the courts of the State of California or of such other state, locality, country or territory as may have jurisdiction over the parties under applicable law, Treaty or Convention.

    8.3    The Arbitrator shall rule on his/her own jurisdiction, including ruling on any objections with respect to the existence or validity of the agreement of the parties to arbitrate; for that purpose, an arbitration provision which forms part of an agreement or alleged agreement of the parties shall be treated as an agreement independent of the other terms of such agreement, so that a decision by the Arbitrator that such agreement is null and void shall not entail the invalidity of such arbitration provision.

    8.4    Although the Arbitrator shall be empowered to grant only compensatory and not exemplary or punitive damages, an award nonetheless including such prohibited damages shall be valid and enforceable, but shall be deemed amended to exclude such damages. This provision shall not preclude any party hereto from applying to a court of appropriate jurisdiction for such damages in accordance with applicable law.

    8.5    The respondent shall transmit a statement setting forth the facts and other contentions of law on which respondent's defense is based and any counterclaim or cross-complaint and the relief claimed thereunder not later than twenty-one (21) days after receipt from the Alliance of:

        (a)    A copy of the Notice of Arbitration; and
        (b)    The IFTA Rules.

    8.5.1    Respondent's statement of defense or any counterclaim or cross-complaint and the relief claimed thereunder shall be transmitted to the Arbitral Tribunal c/o the Arbitral Agent as specified in Rule 3.3 at the same time as the transmittal is made to claimant. Any counterclaim or cross-complaint shall set forth the same matters as required for the original filing of the arbitration claim under Rule 2 and shall be accompanied by payment of the filing fee as

required by the Fee Schedule referred to in Rule 1.3 and available at the Arbitration link at www.ifta-online.org or by contacting the Arbitral Agent.

        8.5.2    Any response to a counterclaim or cross-complaint shall be transmitted to the Arbitral Tribunal c/o the Arbitral Agent addressed as specified in Rule 3.3 at the same time as the transmittal is made to counterclaimant or cross-claimant within fourteen (14) days of receipt from the Alliance of the counterclaim or cross-complaint and the IFTA Rules.

        8.5.3    Any counterclaims or cross-complaints filed in response to a counterclaim or cross-complaint shall be accompanied by payment of the filing fee as required by the Fee Schedule referred to in Rule 1.3. The counterclaim or cross-complaint shall be transmitted to the Arbitral Tribunal c/o the Arbitral Agent addressed as specified in Rule 3.3 at the same time as the transmittal is made to counterclaimant or cross-claimant within fourteen (14) days of receipt from the Alliance of the counterclaim or cross-complaint and the IFTA Rules.

    8.6    Any counter-respondent or cross-respondent may file a response to a counterclaim or cross-complaint but if none is filed, the counterclaim and/or cross-complaint shall be deemed to be denied by such counter-respondent or cross-respondent.

    8.7    After submission of the statements required hereunder or in the event one party fails to file documents in a timely manner, the Arbitrator shall give the parties written direction for the further conduct of the arbitration and the parties shall be bound by such directions.

    8.8    Except as provided herein, no formal discovery procedures shall be permitted under these Rules; except that the parties may by mutual agreement or on order of the Arbitrator (a) exchange lists of anticipated witnesses and/or summaries of the testimony anticipated to be elicited from each of its witnesses; (b) exchange documents or other evidence to be introduced at the hearing; (c) submit pre-hearing briefs, or any or all of the above. Additionally, in the interest of justice, the Arbitrator may permit formal depositions or other appropriate discovery of information, but such procedures shall not be permitted to delay the orderly and speedy processes of the arbitration.

9.    <u>Meetings and Hearings.</u>

    9.1    The Arbitrator shall fix the date, time and place of meetings and hearings in the arbitration, and the Arbitrator shall give all parties adequate written notice thereof. In setting such dates, the Arbitrator shall give due consideration to the distance which any party to the arbitration must travel in order to be present at the arbitration proceedings. The arbitration shall be set for hearing, or submission on written materials if it is decided that no hearing is to be held, at the earliest possible date consistent with these considerations, which date shall not be later than sixty (60) days after the last response to the last claim is filed or is due to be filed with the Alliance. However, the Arbitrator may designate a later day for such proceedings for good cause, but such date shall not be later than one hundred twenty (120) days after the last response to the last claim is filed or is due to be filed with the Alliance unless the parties and the Arbitrator collectively agree to extend such date or the Arbitrator extends the date for good cause. Except in the event of the Arbitrator's delay due to the Arbitrator's disability, or other cause beyond the control of the parties, if the claimant (or counterclaimant) fails to prosecute its

claim (or counterclaim) to such hearing or submission within such applicable period, the Arbitrator shall dismiss the claim and any counterclaim or cross-complaint without prejudice. If the Arbitrator is unable, due to the Arbitrator's disability, conflicting obligations, or otherwise, to proceed as required in these Rules, upon written application of any party, the Arbitral Agent may remove the Arbitrator and recommence the procedures for selection of an Arbitrator to serve as an alternate Arbitrator. Upon the appointment of such an alternate Arbitrator, and upon written request from the Arbitral Agent, the original Arbitrator shall promptly deliver to the alternate Arbitrator or the Arbitral Agent all documents and other materials previously delivered to or lodged with the Arbitrator.

9.2     Subject to any adjournments which the Arbitrator allows, the hearing will be conducted on successive working days until it is concluded.

9.3     All meetings and hearings will be in private unless all the parties agree otherwise.

9.4     The Arbitrator shall determine the rules of procedure for the arbitration; and shall resolve any disputes as to the jurisdiction of the Arbitrator. The Arbitrator shall have sole discretion whether to allow testimony by letter or affidavit or by telephone in the presence of representatives of both parties, and establish such other reasonable rules of evidence or other procedures as may be required in any particular case to achieve justice and fairness for the parties expeditiously and at minimal cost and expense. The parties may by mutual consent, and with the approval of the Arbitrator, waive an oral hearing and submit the dispute to the Arbitrator for award on written submissions in a form and manner to be approved by the Arbitrator.

9.5     The Arbitrator shall determine the admissibility, relevance, materiality and weight of any evidence offered by either of the parties; and shall otherwise conduct the hearing in such manner as he/she deems appropriate provided the parties are treated with equality and at any stage of the proceedings each party is given a full opportunity to present its case within reasonable constraints of time as determined by the Arbitrator.

9.6     The Arbitrator may determine whether a written record shall be kept of the proceeding and shall permit the parties to submit written or oral argument in support of their respective positions.

9.7     Unless expressly agreed by the parties, the Arbitrator shall determine the language in which the arbitration is to be conducted; but, where required, reasonable provision shall be made for translations of testimony.

9.8     In arbitrations where the sums of money or the issues in dispute do not justify the expenditure of time and cost for travel to the site selected for the arbitration, either of the parties may request of the Arbitrator that the dispute be resolved without requiring a formal hearing and solely or in part by a filing of such appropriate documents and/or telephonic examination as shall be determined by the Arbitrator. The propriety of conducting the arbitrations solely or partly upon written documentation shall be determined solely in the discretion of the Arbitrator.

10. <u>Interim Measures of Protection</u>.

10.1 The arbitration of all issues including the determination of the amount of any damages suffered by any party hereto by reason of the acts or omissions of another shall be to the exclusion of any court of law (except for court actions permitted as provided by these Rules). Arbitration hereunder shall not in any event: (i) prevent any party from seeking and obtaining interim equitable relief, including but not limited to, prohibitory or mandatory injunctions, specific performance or extraordinary writs in any court of law or equity having jurisdiction nor (ii) prevent any party from enjoining any other party in any action brought by or against a third party with respect to the subject matter of the arbitration nor (iii) prevent any party from filing legal action hereunder to effectuate any attachment or garnishment, provided that such party stipulates in such action, at any other party's request, to arbitration on the merits of the case, nor (iv) prevent a party from filing legal action to compel arbitration under the arbitration provisions hereof.

10.2 Further, at the request of any party, the Arbitrator may make interim awards and orders where necessary to safeguard the subject matter of the arbitration or effectuate the proceedings and, in this regard, may grant any remedy or relief, including but not limited to, provisional remedies and temporary injunctive relief and/or specific performance. The Arbitrator shall be entitled to require deposits or security for costs in connection with such measures. Any interim award issued by the Arbitrator shall be entitled to the same power of enforcement in appropriate courts of law as a final arbitration award to the extent provided by law.

11. <u>Default</u>.

11.1 If, after proper notice, one of the parties fails to respond to any demand by the Arbitrator for documents or other materials, or fails to appear for a hearing or in any manner fails to conform to the provisions of these Rules or any order of the Arbitrator, the Arbitrator may declare that party to be in default and make appropriate orders or interim awards to require compliance or may make a final award based upon the evidence that is before the Arbitrator at such time or may be subsequently received by the Arbitrator under formal proceedings authorized under these Rules except that no final award shall be issued in any arbitration under these Rules without the prevailing party establishing a prima facie case to the satisfaction of the Arbitrator. However, no default shall be found after the matter has been submitted for decision solely because of a party's failure to pay the Arbitrator's fees.

12. <u>The Award</u>.

12.1 The Arbitrator's award shall be made in writing and shall be signed by the Arbitrator and shall contain the date and place where the award is made. The Arbitrator shall render his/her decision not later than forty-five (45) days after the matter has been submitted for decision. This time period can only be extended for good cause by the Arbitral Agent.

12.2 The Arbitrator shall state the findings on which the award is based unless the parties have agreed that no findings are to be given.

12.3  The Arbitrator shall transmit the award to the Arbitral Agent. Copies of the award signed by the Arbitrator shall be transmitted to the parties by the Arbitral Agent by email or fax, where such information is known, and followed by certified or registered mail, or any licensed domestic or international courier, or by any form of receipted express mail.

12.4  Within thirty (30) days after receipt of the award, either party, with notice to the other party, may request the Arbitrator to correct in the award any errors in computation, any clerical or typographical errors, or errors of similar nature. If any corrections are made by the Arbitrator (either upon request of a party or otherwise), they must be made in writing and filed with the Arbitral Tribunal and sent to the parties within thirty (30) days of receipt of such request by the Arbitrator.

12.5  Any party may seek confirmation of and/or file or register the Arbitrator's award with a court having jurisdiction to confirm the Arbitrator's award in order to effectuate the enforcement of the award in any and all courts throughout the world. Service of any petition, summons or other process necessary to obtain confirmation of the Arbitrator's award may be accomplished by any procedure authorized by applicable law, Treaty or Convention, except that the parties waive application of the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters with respect to service of process.

13.  Applicable Law.

13.1  The Arbitrator shall apply the laws of the State of California to all arbitrations conducted under these Rules unless the parties by mutual agreement or by the contract to be enforced provide that the Arbitrator shall apply the law of one other jurisdiction, or the Arbitrator for good cause designates another location to be the situs of the arbitration in which case the Arbitrator shall have the discretion to apply for good cause the law of the situs of the arbitration.

13.2  The final award is not subject to appeal. The parties may agree to expanded judicial review of the final award by a court of competent jurisdiction, however, in no event shall any such appeal be heard by the IFTA Arbitration Tribunal. The parties are responsible for determining whether the governing law of the agreement to arbitrate allows for such review.

14.  Costs.

14.1  The Arbitrator may allocate the costs of the arbitration in the award. The term "costs" includes the following, but within the sole discretion of the Arbitrator as to the awarding of any specific item:

14.1.1 The fees of the Arbitrator (which shall at all times be consistent with the Fee Schedule);

14.1.2 The travel and other expenses incurred by the Arbitrator in reaching the location of the arbitration;

14.1.3 Actual costs of any party incurred in the prosecution or defense of the arbitration including some or all of the party's attorney's fees and costs if the Arbitrator determines it is an appropriate case for such an award.

14.2 The general principle to be applied to payment of costs shall be that the parties shall share equally the costs referred to in Rules 14.1.1 and 14.1.2; but the Arbitrator shall have the power to make an appropriate order in situations which in the sole discretion of the Arbitrator justify an unequal allocation of the costs or the bearing of all the costs by one of the parties.

14.3 At any time after the commencement of the arbitration process, the Arbitral Agent or the Arbitrator shall have the right to require each party to deposit with the Arbitral Agent or the Arbitrator an equal amount as an advance against the Arbitrator's fees. The Arbitrator shall give formal notice of any such failure to meet the deposit requirements and the consequences of such failure. The failure of any party to meet the deposit requirements may be deemed by the Arbitrator to be a default under Rule 11 above, unless otherwise provided by applicable law. The Arbitrator may direct the other party or parties to pay the outstanding amounts to allow the arbitration to proceed (subject to any award on costs). If such payment is not made by claimant(s), the Arbitrator may dismiss the proceedings without prejudice. The Arbitrator may dismiss a claim or counterclaim, without prejudice, if a party fails to timely provide the full amount of the required deposit. The Arbitral Agent shall transmit all deposits to the Arbitrator upon receipt.

14.4 Any party may challenge any fee requested by the Arbitrator by appealing to the Arbitral Agent to determine the propriety, fairness and reasonableness of the fee requested. Such challenge must be submitted within forty-five (45) days of the transmission of the final invoice after the arbitration that is the subject of the challenge has concluded. The party challenging the fee requested by the Arbitrator must provide specific reasons for the challenge, including the actual charges disputed, and, if applicable, supporting documentation. Such challenge shall not be served on the Arbitrator or any other party. The decision of the Arbitral Agent is final and the parties and the Arbitrator shall be bound by such decision.

15. **Waiver of Claims Against Alliance and Others.**

15.1 The Alliance, the Arbitral Agent, and any and all Arbitrators engaged pursuant to these Rules and their agents, employees, and representatives have elected to maintain and administer these Rules and the Arbitral Tribunal hereunder (as applicable) as a service to the international entertainment community for the purpose of fostering international trade and cooperation and of avoiding prolonged and expensive international court litigation. Inasmuch as the involvement of all such parties is for such public purpose, it is in the public interest to avoid involving any such parties in disputes or claims concerning their conduct relating to arbitrations hereunder, since such disputes or claims would be likely to have a negative impact on the desire of parties to act in such public service capacities. Accordingly, subject to the applicable provisions of the law, all parties to each arbitration brought under these Rules acknowledges, consents and agrees that the Alliance, the Arbitral Tribunal hereunder, and the officers, employees, directors, and agents of each of the foregoing, as well as the Arbitral Agent and the Arbitrator(s) utilized under these Rules, shall not be appropriate, necessary, or proper parties in any litigation or other judicial or regulatory proceeding related in any way to the arbitration; and

neither IFTA, nor its employees and agents, shall be liable for damages in any way to any party in connection with any arbitration brought or responded to under these Rules; and by accepting arbitration under these Rules, all parties hereby expressly and impliedly waive, to the extent permissible under applicable law, any and all claims or actions for money or other damages they may have now or at any time in the future against each and all of the foregoing parties relating to or in connection with arbitrations brought or responded to under these Rules, including but not limited to the Alliance's normal administration of its Rules, disqualification of the Arbitrator or any other act or omission; except that this Rule 15 shall not be deemed to include a waiver of a good faith claim which any party may have against an Arbitrator that the Arbitrator (i) shall have failed to promptly disclose to the parties such Arbitrator's known conflict of interest in a proceeding before such Arbitrator; or (ii) acted in bad faith in making an Award hereunder.

15.2 The Arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity of Arbitrator under any statute or contract. The immunity afforded by the Rules shall supplement, and not supplant, any otherwise applicable common law or statutory immunity.

16. Miscellaneous Provisions.

16.1 In the event the parties agree on a settlement of a dispute during the arbitration proceedings, the Arbitrator shall terminate the arbitration upon written notice of a settlement by all parties and the settlement may be recorded by the Arbitrator in the form of an arbitral award made on the agreed terms if mutually requested by the parties. If a dismissal is ordered by the Arbitrator as a result of a written notice of settlement, such dismissal should specify whether it is with or without prejudice.

16.2 Any time period or procedural requirement of these Rules may be waived or extended by the Arbitrator or, if no Arbitrator has been appointed, by the Arbitral Agent on showing of good cause therefor, except as otherwise expressly provided in these Rules.

16.3 In circumstances not specifically provided for in these Rules, the Arbitrator shall follow the rules of arbitration procedures in effect in the jurisdiction where the arbitration takes place.

16.4 These Rules shall remain in full force and effect as they may be amended from time to time by action of the Board of Directors of the Alliance. Any amendment to these Rules shall be effective on the date approved by the Board of Directors of the Alliance. Unless otherwise provided in the contract, the applicable Rules are the Rules in effect on the effective date of the agreement to arbitrate.

16.5 Notwithstanding anything in these Rules, in accordance with applicable law and the agreement of the parties, the Arbitrator may engage in mediation or conciliation of the dispute at any time during the arbitral proceedings for the purpose of encouraging settlement. However, if the Arbitrator acts as a mediator, such Arbitrator will be disqualified from serving as Arbitrator on that matter.

    16.6    Notwithstanding any contrary provision in the parties' contract, the Alliance may in its discretion, but shall not be required to, publicize in publications originating from it, information concerning arbitrations, parties to them, and awards which are made.